**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CYNTHIA M. LANE, as Independent Administrator the Estate of Je'Lyn Ross, Deceased,** | ) | |
| **Plaintiff,** | ) | **No.: 23-cv-14097** |
| **v.** | ) | |
| | ) | **Judge Lindsay C. Jenkins** |
| **VILLAGE OF DOLTON, DOLTON POLICE OFFICER MALONE, DOLTON POLICE OFFICER GARRETT, DOLTON CHIEF OF POLICE COMMANDER PRICE, DOLTON POLICE CLERK DAWN MINIEX, DOLTON POLICE CLERK SHAMEKIA SLAYDEN and UNKNOWN AGENTS/EMPLOYEES OF THE VILLAGE OF DOLTON,** | ) | **Mag. Judge Jeffrey Cole** |
| **Defendants.** | ) | |

## SECOND AMENDED COMPLAINT AT LAW

Now comes CYNTHIA M. LANE, AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF JE'LYN ROSS, deceased, by and through her attorneys, the LAW OFFICES OF JEFFREY J. NESLUND and MICHAEL D. ROBBINS & ASSOCIATES, and in complaining of the Defendants, VILLAGE OF DOLTON, DOLTON POLICE OFFICER MALONE, DOLTON POLICE OFFICER GARRETT, DOLTON CHIEF OF POLICE COMMANDER PRICE, DOLTON POLICE CLERK DAWN MINIEX, DOLTON POLICE CLERK SHAMEKIA SLAYDEN and UNKNOWN EMPLOYEES/AGENTS OF THE VILLAGE OF DOLTON and pleading in the alternative, states as follows:

## INTRODUCTION

1. This is an action for civil damages brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and under Illinois state law for the death of Plaintiff's decedent, JE'LYN ROSS, while in the custody of the Dolton Police on May 13, 2022.

2. On information and belief, the individual Defendants had notice of JE'LYN ROSS'S intent to commit suicide and need for immediate medical attention while in the Dolton Police Station lock-up.

3. The Illinois state law claims are brought for the willful and wanton acts and/or omissions of employees of the Village of Dolton for failing to provide JE'LYN ROSS with immediate medical attention in violation of 745 ILCS 10/4-105. Pleading in the alternative, Plaintiff also brings an Illinois state law claim for spoliation of evidence regarding certain video footage from the Dolton Police lock-up that was not preserved.

4. The Federal claims are brought pursuant to 42 U.S.C. § 1983 for the deprivation of JE'LYN ROSS Constitutional rights pursuant to the Fourth Amendment as a pre-trial detainee in need of immediate medical attention.

5. Pleading in the alternative, Plaintiff also brings a *Monell* claim against the VILLAGE OF DOLTON for unreasonable *defacto* policies and procedures and lack of training within the Dolton Police Department that resulted in JE'LYN ROSS'S death.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1343.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) because the facts which give rise to the claims asserted herein occurred within the Northern District of Illinois.

## PARTIES

8. On and prior to May 13, 2022, Plaintiff's decedent, JE'LYN ROSS, was an individual living within the Northern District of Illinois. JE'LYN ROSS is represented in this action by his mother, CYNTHIA M. LANE, the duly appointed Independent Administrator of the Estate of JE'LYN ROSS who also lives within the Northern District of Illinois.

9. Defendants, DOLTON POLICE OFFICERS MALONE and GARRETT, DOLTON CHIEF OF POLICE COMMANDER PRICE, DOLTON POLICE CLERKS DAWN MINIEX and SHAMEKIA SLAYDEN and UNKNOWN EMPLOYEES/AGENTS OF THE VILLAGE OF DOLTON were, at all times material hereto, employed by the Defendant VILLAGO OF DOLTON acting within the scope of their employment.

10. Defendant, the VILLAGE OF DOLTON at all relevant times hereto, was an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, and was the employer of the individual defendants DOLTON POLICE OFFICER MALONE, DOLTON POLICE OFFICER GARRETT, CHIEF OF POLICE COMMANDER PRICE, DOLTON POLICE CLERKS DAWN MINIEX and SHAMEKIA SLAYDEN and other UNKNOWN EMPLOYEES/AGENTS OF THE VILLAGE OF DOLTON.

## COMMON ALLEGATIONS

11. As the Police Chief of the Dalton Police Department, it was the duty and responsibility of COMMANDER PRICE to ensure all Dalton Police Officers and employees that worked within the Dalton Police Station were properly trained and followed Department policies and procedures in the screening, detection, identification and monitoring of pre-trial detainees suspected of self-harm.

12. On and before May 13, 2022, the lock-up at the Dolton Police station contained three cells with video cameras positioned on the wall outside of each cell as well as an additional camera with a view of the walkway in front of each cell and the entrance to the lock-up.

13. On and before May 13, 2022, Dolton Police Officers and employees of the Dolton Police department, including Dolton Police Officers MALONE and GARRETT and DOLTON POLICE CLERKS DAWN MINIEX and SHAMEKIA SLAYDEN had a duty to observe and monitor pre-trial detainees in custody at the Dolton Police Station and to intervene to prevent any injury or self-harm to detainees.

14. On May 13, 2022, DOLTON POLICE OFFICERS MALONE and GARRETT arrested JE'LYN ROSS for an alleged theft.

15. DOLTON POLICE OFFICER MALONE transported JE'LYN ROSS to the Dolton Police Station.

16. Once at the station, DOLTON POLICE OFFICERS MALONE and GARRETT had JE'LYN ROSS remove his shoelaces and belt to prevent self- harm in the Dolton Police Station lock-up.

17. On May 13, 2022, at approximately 1:26 p.m. DOLTON POLICE OFFICER MALONE provided JE'LYN ROSS with a thin blanket and placed him into cell No. 3 of the lock-up.

18. On May 13, 2022, an individual named Davenia Muhammad was in custody at the Dolton Police Station in cell No. 2 at the time JE'LYN ROSS was placed into cell No. 3 by OFFICER MALONE.

19. On May 13, 2022, at approximately 1:35 p.m., DOLTON POLICE OFFICER GARRETT came into the lock-up and obtained information from JE'LYN ROSS, including the

phone number of his mother, Plaintiff, CYNTHIA M. LANE.

20. At no time did Defendant DOLTON POLICE OFFICERS MALONE, GARRETT or any other agent or employee of Dolton conduct or complete any type of proper detainee screening to determine whether JE'LYN ROSS was at risk for suicide.

21. On May 13, 2022, at approximately 1:56 p.m. Dolton Police Officer Harper brought McDonalds into the lock-up for detainees JE'LYN ROSS and Davenia Muhammad.

22. On May 13, 2022, at approximately 2:53 p.m. OFFICER GARRETT returned to the lock-up for a visibility check and waived to JE'LYN ROSS.

23. On May 13, 2022, at approximately 3:27 p.m., JE'LYN ROSS waived his arm out of his cell to get the attention of an officer or lock up keeper. No one responded.

24. Approximately 5 minutes later on May 13, 2022, at approximately 3:32 p.m., JE'LYN ROSS began to make a noose around the top bars of his cell door with the blanket provided to him by DOLTON OFFICERS MALONE and GARRETT.

25. As JE'LYN ROSS placed the noose he made with the blanket around the top bars of cell No. 3, the INDIVIDUAL DEFENDANTS, DOLTON POLICE OFFICERS MALONE, GARRETT and DOLTON POLICE CLERKS DAWN MINIEX and SHAMEKIA SLAYDEN and other UNKNOWN EMPLOYEES/AGENTS OF THE VILLAGE OF DOLTON observed ROSS'S actions from the multiple video cameras, including one directly outside his cell door, and knew he was in need of immediate medical attention to prevent self-harm.

26. As JE'LYN ROSS began to make a noose with his blanket, detainee Davenia Muhammad began to yell for someone to come into the lock-up.

27. Although the INDIVIDUAL DEFENDANTS could hear detainee Davenia Muhammad yell for assistance and observed ROSS make a noose out of his blanket and in need

of immediate medical assistance to prevent self-harm, no one responded to the lock-up.

28. After JE'LYN ROSS finished tying the noose around the bars, he then twisted the blanket around his neck which was visible from multiple video cameras and observed by the INDIVIDUAL DEFENDANTS, who knew ROSS was a suicide risk and failed to take any steps to protect him from self-harm.

29. For approximately 14 minutes, JE'LYN ROSS had the blanket wrapped around his neck like a noose visible on video cameras and observed by the INDIVIDUAL DEFENDANTS as detainee Davenia Muhammad yelled for someone to come into the lock-up.

30. Neither DEFENDANT OFFICERS MALONE, GARRET or DOLTON POLICE CLERKS DAWN MINIEX and SHAMEKIA SLAYDEN or any other EMPLOYEE/AGENT OF THE VILLAGE OF DOLTON made any effort or took any steps to protect or prevent JE'LYN ROSS from harming himself.

31. On May 13, 2022, at approximately 3:46 p.m., approximately 53 minutes after the last lock-up check by OFFICER GARRETT, Dolton Police Commander Lacy came into the lockup and found JE'LYN ROSS on the floor of the cell hanging from the blanket provided by DEFENDANT OFFICERS MALONE and GARRETT.

32. DOLTON POLICE OFFICER MALONE and Detective Luis Masucci entered the lock-up and eventually removed the noose from JE'LYN ROSS'S neck.

33. DOLTON CHIEF OF POLICE COMMANDER PRICE briefly entered the lock-up and then went with other UNKNOWN EMPLOYEES/AGENTS OF THE VILLAGE OF DOLTON to review the video tapes of the lock-up, including the camera with the view directly into JE'LYN ROSS'S cell.

34. JE'LYN ROSS was transported by ambulance from the Dolton lock-up to Franciscan

Hospital in Hammond, Indiana and pronounced dead at approximately 4:38 p.m. on May 13, 2022.

## COUNT I
## Illinois Wrongful Death Claim

35. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 34 above.

36. On and before May 13, 2022, Defendant VILLAGE OF DOLTON, acting through its agents and employees, including DOLTON CHIEF OF POLICE COMMANDER PRICE, DOLTON POLICE OFFICERS MALONE and GARRETT, DOLTON POLICE CLERKS DAWN MINIEX and SHAMEKIA SLAYDEN and other UNKNOWN EMPLOYEES/AGENTS OF THE VILLAGE OF DOLTON had a duty to refrain from any purposeful, knowing, intentional and/or reckless willful and wanton conduct that displays an utter indifference or conscious disregard for the safety of others, including the well-being of pretrial detainees in police custody, including JE'LYN ROSS.

37. Notwithstanding the aforesaid duty, the Defendant VILLAGE OF DOLTON, acting through its agents and employees, including DOLTON CHIEF OF POLICE COMMANDER PRICE, DOLTON POLICE OFFICERS MALONE and GARRETT, DOLTON POLICE CLERKS DAWN MINIEX and SHAMEKIA SLAYDEN and other UNKNOWN EMPLOYEES/AGENTS OF THE VILLAGE OF DOLTON, were willful and wanton and acted knowingly, purposefully or recklessly in one or more of the following acts and/or omissions:

(a.) failed to properly screen Je'Lyn Ross as a potential risk for suicide;

(b.) provided Je'Lyn Ross with the means to inflict self-harm and commit suicide;

(c.) failed to provide Je'Lyn Ross with an anti-suicide blanket made with material impossible to roll or tear into a noose;

(d.) failed to comply with Illinois Administration Code § 720.60 (a)(1)-(2) requiring visual personal inspections of detainees every 30-minutes;

(e.) failed to respond to the lock-up when Je'Lyn Ross was in need of medical assistance and at risk of self-harm as he began to make a noose with his blanket and tie it around the cell bars;

(f.) failed to respond to the lock-up as Je'Lyn Ross twisted his blanket into a noose and placed it around his neck;

(g.) failed to respond to the lock-up as detainee Davenia Muhammad yelled for assistance for Je'Lyn Ross as he made a noose with his blanket;

(h.) failed to properly train officers in the screening and detection of pre-trial detainees for the risk for suicide;

(i.) were otherwise willful and wanton in failing to provide any aid or assistance to Je'Lyn Ross to prevent self-harm.

38. As a direct and proximate result of one or more of the knowing, purposeful, intentional and/or reckless willful and wanton acts and/or omissions outlined above, JE'LYN ROSS was injured, suffered conscious pain and suffering, and ultimately died in violation of 740 ILCS § 180.1.

39. JE'LYN ROSS' next of kin have lost and will continue to lose, pecuniary support, society, companionship, love and affection, grief, sorrow and emotional distress as well as medical, funeral and burial expenses from the wrongful death of JE'LYN ROSS.

40. The willful and wanton misconduct of the individual Defendants outlined above occurred within the scope of their employment, such that the VILLAGE OF DOLTON is liable for their acts and omissions.

## COUNT II
## Illinois Survival Claim

41. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 40 above.

42. As a direct and proximate result of the willful and wanton acts and omissions of the Individual Defendants set forth above, JE'LYN ROSS suffered serious injuries of a personal and pecuniary nature, including pain and suffering experienced as he was dying from strangulation, subjecting the DEFENDANTS to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Illinois Survival Statute.

43. The willful and wanton misconduct of the individual Defendants outlined above occurred in the scope of their employment, such that the VILLAGE OF DOLTON is liable for their acts and omissions.

## COUNT III
## Spoliation of Evidence

44. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 43 above.

45. On May 13, 2022, Defendant DOLTON CHIEF OF POLICE COMMANDER PRICE had possession of multiple video recordings of the lock-up, including the camera directly across from the cell No. 3 that contained Plaintiff's decedent, JE'LYN ROSS.

46. Defendant VILLAGE OF DOLTON employees including, DEFENDANT DOLTON CHIEF OF POLICE COMMANDER PRICE, had a duty to preserve the video and/or audio evidence related to JE'LYN ROSS while he was in the care and custody of the Dolton Police Department.

47. The video recordings of the camera looking into cell No. 3 which contained JE'LYN ROSS are material and relevant to Plaintiff's claims.

48. Defendant VILLAGE OF DOLTON, by and through it's employees and/or agents, including DOLTON CHIEF OF POLICE COMMANDER PRICE, owed a duty to Plaintiff to preserve the video evidence from the cell containing Plaintiff's decedent, JE'LYN ROSS.

49. Defendant VILLAGE OF DOLTON by and through its employees, including DOLTON CHIEF OF POLICE COMMANDER PRICE, breached its duty to preserve the video and audio recordings by failing to preserve the same.

50. As a direct and proximate result of Defendant VILLAGE OF DOLTON's failure to preserve the video evidence from the camera directed at cell No. 3 containing Plaintiff's decedent, Plaintiff has suffered damages, including the ability to prove Plaintiff's additional claims.

**COUNT IV**
**Respondeat Superior**
(Village of Dolton)

51. Plaintiff re-alleges and incorporates by reference, the allegations contained in paragraphs 1 through 50 above.

52. In committing the acts alleged in the preceding paragraphs, the individual Defendants were employees and/or agents of the VILLAGE OF DOLTON, acting at all relevant times within the scope of their employment.

53. DEFENDANT VILLAGE OF DOLTON is liable as principal for all torts committed by its employees/agents outlined above.

**COUNT V**
**(Violations of 42 U.S.C. § 1983)**

54. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 34 above.

55. On May 13, 2022, JE'LYN ROSS as a pretrial detainee possessed rights guaranteed under the 4th and 14th Amendment of the United States Constitution to receive adequate treatment free from violations of Due Process and unreasonable conduct while being detained at the Dolton Police Department.

56. On May 13, 2022, the INDIVIDUAL DEFENDANTS, DOLTON POLICE OFFICERS MALONE and GARRETT and DOLTON POLICE CLERKS DAWN MINIEX and SHAMEKIA SLAYDEN had notice and were aware JE'LYN ROSS was in need of mental and medical care and was at a substantial risk of self-harm from his behavior seen by the INDIVIDUAL DEFENDANTS on the multiple video cameras and calls for assistance from fellow detainee Davenia Muhammad.

57. As outlined above, the acts and omissions of the INDIVIDUAL DEFENDANTS, DOLTON POLICE OFFICERS MALONE and GARRETT and DOLTON POLICE CLERKS DAWN MINIEX and SHAMEKIA SLAYDEN in failing to provide medical care were unreasonable, intentional and carried out with willful, deliberate and reckless indifference to the health and welfare of Plaintiff's decedent, JE'LYN ROSS, in violation of the 4th Amendment of the United States Constitution.

58. As a proximate result of the violations of the Plaintiff's decedents rights guaranteed under the 4th Amendment of the United States Constitution, JE'LYN ROSS suffered injuries that resulted in his death on May 13, 2022.

**COUNT VI**
**(*MONELL* CLAIM)**

59. PLAINTIFFS re-allege and incorporate the factual allegations in paragraphs 1-58 above.

60. At all relevant times, DEFENDANT VILLAGE OF DOLTON, by and through its employees and agents of the Dolton Police Department, maintained *defacto* policies, customs and practices that facilitated and condoned the INDIVIDUAL DEFENDANTS' misconduct outlined above that resulted in a foreseeable and preventable suicide.

61. As outlined above, Defendant COMMANDER PRICE was the Police Chief employed by VILLAGE OF DOLTON, acted under the color of law and had a duty to supervise, provide instruction and ensure employees and /or agents for the Dolton Police Department were trained to provide a safe and secure facility to detain pretrial detainees, provide security, cell checks, and to assist any pretrial detainee who needed medical and mental health treatment.

62. At all relevant times, the VILLAGE OF DOLTON, acting through COMMANDER PRICE as chief of the Dolton Police Department, failed to properly train Dolton Police Officers and employees, including the INDIVIDUAL DEFENDANTS, to properly screen, detect and intervene when a detainee is at risk for self-harm.

63. The acts and omissions of the INDIVIDUAL DEFENDANTS outlined above were done as a result of one or more of the following *de facto* policies, practices and/or customs of the VILLAGE OF DOLTON:

(a.) failure to properly supervise and/or train officers in screening and detection of risk for suicide;

(b.) failure to properly supervise and/or train officers in suicide prevention;

(c.) failure to properly supervise and/or train officers and employees to conduct regular in person inspections of individuals held in the lock-up; and

(d.) failure to properly supervise and/or train officers and employees to intervene to provide medical care and prevent suicide attempts when detainees display obvious intent on self-harm.

64. As described above, *de facto* policies, practices and/or customs of the VILLAGE OF DOLTON were unreasonable, intentional and carried out with willful, deliberate and reckless indifference to the health and welfare of pretrial detainees, including the Plaintiff's decedent, and were the moving force behind the Constitutional violations that resulted in the injuries and death of JE'LYN ROSS on May 13, 2022.

## REQUEST FOR RELIEF

65. PLAINTIFF, CYNTHIA M. LANE, AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF JE'LYN ROSS, deceased respectfully request that the Court:

a. Enter a judgment in their favor and against all Defendants;

b. Award compensatory damages against all Defendants;

c. Award attorney's fees against all Defendants;

d. Award punitive damages against all individual Defendants; and,

e. Grant any other relief this Court deems just and appropriate.

Respectfully submitted,

/s/ Jeffrey J. Neslund
JEFFREY J. NESLUND
One of the Attorneys for Plaintiff

JEFFREY J. NESLUND
Law Offices of Jeffrey J. Neslund
20 N. Wacker Drive, Suite 3710
Chicago, IL 60606
(312) 223-1100
Attorney No.: 41155
Email: neslundlaw@yahoo.com